UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL O'CONNELL and
DIANE O'CONNELL,

       Plaintiffs,

  v.

CITIMORTGAGE, INC.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
MERSCORP, INC. and
ORLANS & ASSOCIATES, P.C.,

       Defendants.
                                    /

CASE NO. 2:11-CV-13990
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION REGARDING
CITIMORTGAGE'S MOTION FOR DISMISSAL AND SANCTIONS PURSUANT TO
RULES 37, 41 & 56 AND FOR ENTRY OF DEFAULT JUDGMENT ON
CITIMORTGAGE'S COUNTER-COMPLAINT FOR QUIET TITLE (Doc. Ent. 37) and
ORLANS ASSOCIATES' MOTION TO DISMISS (Doc. Ent. 38)**

**I.     RECOMMENDATION:** The Court should **(a)** grant CitiMortgage's and Orlans's motions to dismiss (Doc. Entries 37 & 38) in accordance with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.") for plaintiffs' failure to prosecute this case; **(b)** dismiss plaintiffs' complaint (Doc. Ent. 1) with prejudice; **(c)** enter default judgment against plaintiffs in accordance with Fed. R. Civ. P. 55(b) for their failure to respond to CitiMortgage's counter-complaint for quiet title (Doc. Ent. 33), as well as conduct an inquest as to the amount of damages as permitted by Fed. R. Civ. P. 55(b)(2)(B); and **(d)** enter a modified version of CitiMortgage's proposed order conforming title (*see* Doc. Ent. 37-3).

**II.     REPORT:**

**A.     Background**

**1.**     On October 4, 2006, borrowers Daniel A. O'Connell and Diane F. O'Connell granted a mortgage on the property commonly known as 24802 Christian Drive, Flat Rock, Michigan 48134 to lender Argent Mortgage Company, L.L.C. in conjunction with a $187,200 note.  Doc. Ent. 25-3, Doc. Ent. 33-2.

On February 11, 2008, Argent assigned the mortgage to U.S. Bank, N.A.  Doc. Ent. 25-4, Doc. Ent. 33-3.

**2.**     The record in this case contains copies of a **January 13, 2009** assignment of mortgage to be effective February 11, 2009 (Doc. Ent. 25-6, Doc. Ent. 33-5); a notice that, effective February 1, 2009, the mortgage would be serviced by CitiMortgage (Doc. Ent. 25-8, Doc. Ent. 33-7); a **July 8, 2009** assignment of mortgage (Doc. Ent. 25-7, Doc. Ent. 33-6); a **July 2009** assignment of mortgage (Doc. Ent. 25-5, Doc. Ent. 33-4); a **February 23, 2011** Sheriff's Deed on Mortgage Foreclosure (Doc. Ent. 25-9, Doc. Ent. 33-8) and an **April 5, 2011** quit claim deed (Doc. Ent. 25-10, Doc. Ent. 33-9).

**3.**     It is CitiMortgage's position that these five (5) highlighted documents are "void and of no force and effect[.]" Doc. Ent. 33 at 5 ¶¶ B-F; *see also* Doc. Ent. 37 at 7 ¶¶ (b)-(f).

**B.     The August 23, 2011 State Court Complaint**

On August 23, 2011, via Robert A. Kuhr, P.L.L.C., Daniel O'Connell and Diane O'Connell filed this case against Citimortgage, Inc., Mortgage Electronic Registration Services, Inc., MERSCORP, Inc. and Orlans & Associates, P.C., in Wayne County Circuit Court.  Doc. Ent. 1-2 at 3-23.  The lawsuit involves the property commonly known as 24802 Christian Drive. *See* Doc. Ent. 1-2 ¶ 7; *see also* Doc. Ent. 1 ¶¶ 10-35, Doc. Ent. 25-2 ¶ 4.

The causes of action are labeled (I) injunctive relief (¶¶ 36-43); (II) intentional

interference with quiet enjoyment of property (¶¶ 44-47); (III) quiet title (¶¶ 48-51); (IV) wrongful foreclosure (¶¶ 52-57); (V) Fair Debt Collection Practices Act (FDCPA) violation (¶¶ 58-61); (VI) negligent violation of the Fair Credit Reporting Act (FCRA) (¶¶ 62-71); (VII) willful violation of the FCRA by furnishers (¶¶ 72-77); (VIII) Michigan Collection Practices violation (¶¶ 78-81); (IX) civil conspiracy (¶¶ 82-84); (X) Racketeer Influenced and Corrupt Organizations (RICO) Act violation (¶¶ 85-89); and (XI) intentional infliction of emotional distress (¶¶ 90-93).  Doc. Ent. 1-2 at 3-23.[1]

Along with the complaint, plaintiffs also filed an ex parte motion for temporary restraining order.  Doc. Ent. 1-2 at 24-31.  On August 23, 2011, Judge Jeanne Stempien of the Wayne County Circuit Court entered an order to show cause why the temporary restraining order should not be converted to a preliminary injunction during the pendency of the case.  Doc. Ent. 1-2 at 36-37.

## C.   The September 13, 2011 Removal

Defendant CitiMortgage, Inc. (CMI) removed the case to this Court on September 13, 2011.  Doc. Ent. 1; *see also* Doc. Ent. 1-4.  On September 19, 2011, Orlans Associates, P.C. filed an answer and affirmative defenses.  Doc. Ent. 5.  The following day, on September 20, 2011, CitiMortgage, Inc. filed an answer to the complaint and affirmative defenses.  Doc. Ent. 6.[2]

On September 17, 2013, CitiMortgage, Inc. filed a counter-complaint for quiet title.  Doc. Ent. 33.

---

[1]Orlans Associates, P.C. joined in and consented to the removal.  Doc. Ent. 1-3.

[2]It seems to be a mistake that defendants MERS and MERSCORP were associated with the February 14, 2013 motion (Doc. Ent. 18) filed by defendants CitiMortgage and Orlans.  *See* Doc. Ent. 9.  However, on March 13, 2014, an appearance of counsel was entered on behalf of MERS.  *See* Doc. Ent. 40.

**D.      The December 3, 2013 Dispositive Motions**

1.      On November 15, 2013, the Clerk of the Court entered default as to both plaintiffs.  Doc. Ent. 36; *see also* Doc. Ent. 34-35.

2.      On December 3, 2013, CitiMortgage filed a motion (Doc. Ent. 37) for dismissal and sanctions pursuant to Fed. Rules Civ. P. 37, 41 and 56, and for entry of default judgment on CitiMortgage's counter-complaint for quiet title.  Doc. Ent. 37.  Specifically, CitiMortgage argues that (A) "plaintiffs' complaint should be dismissed based upon their admissions[;]" (B) "plaintiffs' complaint should be dismissed based upon their failure to comply with the Court's orders[;]" (C) "plaintiffs' complaint should be dismissed based upon their failure to prosecute this action[;]" and (D) "a default judgment on CitiMortgage's counter-complaint should be entered."  Doc. Ent. 37 at 15-16.

Pursuant to the prayer for relief, CitiMortgage seeks entry of an order (I) dismissing plaintiffs' complaint with prejudice under Fed. Rules Civ. P. 37(b), 41(b) and 56(a); (II) awarding CitiMortgage its costs and fees, as mandated by Fed. R. Civ. P. 37(b)(2)(C); and (III) entering default judgment for CitiMortgtage on its counter-complaint for quiet title.  Doc. Ent. 37 at 8.  Additionally, CitiMortgage seeks entry of its proposed order conforming title (Doc. Ent. 37-3).  Doc. Ent. 37 at 7-8 ¶ 28.

3.      That same day, Orlans Associates, P.C., filed a motion (Doc. Ent. 38) to dismiss.  Therein, Orlans argues that (I) "Orlans is entitled to a dismissal based upon Admissions[;]" (II) "Count I for injunctive relief is not a separate cause of action and should be dismissed[;]" and (III) "plaintiffs have failed to state a plausible claim for relief against the foreclosing party's law firm[.]"  Doc. Ent. 38 at 11-17.

Orlans requests that plaintiffs' complaint "be dismissed under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56(a) because [plaintiffs] fail[] to state claims upon which relief can be granted and there is no genuine issue of material fact." Doc. Ent. 38 at 1-2. In other words, Orlans requests that the Court "grant its Motion to Dismiss and for Summary Judgment [Doc. Ent. 38] and dismiss it from this lawsuit with prejudice." Doc. Ent. 38 at 17.

**4.**     On December 5, 2013, I entered an order requiring any response to these motions to be filed no later than February 3, 2014. Doc. Ent. 39. To date, plaintiffs have not filed a response.

**E.     Discussion**

**1.     CitiMortgage's and Orlans's December 3, 2013 dispositive motions are unopposed.**

"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a dispositive motion must be filed within 21 days after service of the motion." E.D. Mich. LR 7.1(e)(1)(B).

The instant dispositive motions were filed on December 3, 2013. Doc. Entries 37 & 38. Notwithstanding the entry of an order setting the response deadline for February 3, 2014 (Doc. Ent. 39), plaintiffs have not filed a response to either CitiMortgage's or Orlans's December 3, 2013 motions (Doc. Entries 37 & 38).

**2.     CitiMortgage's requests for admission to plaintiffs are deemed admitted.** On December 17, 2012, CitiMortgage served its first set of interrogatories (Nos. 1-11), requests for production of documents (Nos. 1-10), and requests for admission (Nos. 1-2) directed to plaintiffs. Doc. En. 23-2. On January 16, 2013, CitiMortgage served a second set of discovery - interrogatories and requests for production (No. 1) and requests for admission (Nos. 1-12) - directed to plaintiffs. Doc. Ent. 23-3.

5

Fed. R. Civ. P. 36 governs requests for admission. In pertinent part, Rule 36 provides:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the mater and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3) ("Time to Respond; Effect of Not Responding.").

CitiMortgage contends that, "[t]o date, Plaintiffs have failed to respond to CitiMortgage's interrogatories, requests for production, or requests for admission." Doc. Ent. 37 at 2 ¶ 4. CitiMortgage also contends that "[p]laintiffs failed to object or respond to CitiMortgage's requests for admission within 30 days of service." Doc. Ent. 37 at 2 ¶ 6. Additionally, CitiMortgage contends that "[p]laintiffs also failed to object or respond to CitiMortgage's requests for admission within 14 days of this Court's September 4, 2013 order." Doc. Ent. 37 at 3 ¶ 7. Furthermore, noting that CitiMortgage's January 16, 2012 discovery requests define "defendant" or "defendants" as including Orlans (Doc. Ent. 23-3 at 2 ¶ 5), Orlans contends that "each request is deemed admitted as to Orlans." Doc. Ent. 38 at 11.

Given plaintiffs' alleged failure to respond to CitiMortgage's discovery requests, CitiMortgage's requests for admission to plaintiffs are deemed admitted.

**3.     Plaintiffs have not complied with this Court's September 4, 2013 order (Doc. Ent. 31).** On September 4, 2013, I entered an order (Doc. Ent. 31) (A) granting as unopposed Citimortgage's June 27, 2013 motion (Doc. Ent. 23) and Citimortgage's July 23, 2013 motion for leave to file its proposed counter-complaint (Doc. Ent. 25); (B) extending the dispositive motion deadline and (C) cancelling the September 10, 2013 hearing. My order also provided:

> Plaintiffs SHALL (a) answer and respond to CitiMortgage's December 17, 2013 and January 16, 2013 interrogatories, requests for production of documents and

6

> requests for admission (Doc. Entries 23-2 & 23-3) within fourteen (14) days of the date of this order and (b) appear for deposition within fourteen (14) days after they have been compelled to provide their responses to CitiMortgage's discovery requests. Also, plaintiffs SHALL reimburse CitiMortgage for its reasonable expenses, see Fed. R. Civ. P. 37(b)(2)(C) ("Payment of Expenses."), incurred in having to bring this motion (*see* Doc. Ent. 23 at 4, 12).

Doc. Ent. 31 at 4.

In its December 3, 2013 motion, CitiMortgage alleges that plaintiffs "failed to obey this Court's September 4, 2013 discovery order by not responding to CitiMortgage's interrogatories, requests for production, and requests for admission within 14 days." Doc. Ent. 37 at 5 ¶ 12. Thus, CitiMortgage seeks dismissal of plaintiffs' complaint as permitted by Fed. R. Civ. P. 37(b)(2)(A) ("For Not Obeying a Discovery Order.").[3] Doc. Ent. 37 at 5 ¶¶ 11 & 13.

**4.     Plaintiffs have failed to prosecute this case.**  Defendants and the Court have invested time in this case.  Among the twenty-three (23) matters filed by defendants, defendants jointly filed a motion to extend (Doc. Ent. 18); CitiMortgage's filings include an answer (Doc. Ent. 6), a motion to compel (Doc. Ent. 23), a motion for leave to file (Doc. Ent. 25), a counter-complaint for quiet title (Doc. Ent. 33) and a motion to dismiss (Doc. Ent. 37); and Orlans filings include an answer (Doc. Ent. 5) and a motion to dismiss (Doc. Ent. 38).

Furthermore, of the seventeen (17) matters entered by the Court, one (1) was an order of reference (Doc. Ent. 10); nine (9) were notices (Doc. Entries 11, 17, 20, 21, 22, 24, 26, 27 & 28); five (5) were brief orders (Doc. Entries 13, 14, 19, 32 & 39); one (1) was an order ruling upon substantive motions (Doc. Ent. 31); and one (1) was a clerk's entry of default (Doc. Ent. 36). Furthermore, the Court conducted status conferences on May 21, 2012, February 27, 2013 and

---

[3]Fed. R. Civ. P. 37(b)(2)(A) ("For Not Obeying a Discovery Order.") permits the Court to "render[] a default judgment against the disobedient party[,]" Fed. R. Civ. P. 37(b)(2)(A)(vi).

7

March 14, 2013, as well as a settlement conference on July 18, 2013.

By contrast, plaintiffs have not filed responses to the substantive motions in this case, such as CitiMortgage's June 27, 2013 motion to compel (Doc. Ent. 23) or CitiMortgage's July 23, 2013 motion for leave to file a counter-complaint (Doc. Ent. 25). Nor, as noted above, have they filed responses to the pending dispositive motions (Doc. Entries 37 & 38). In fact, with the exception of their August 2011 state court filing(s) (Doc. Ent. 1-2), plaintiffs have not filed *any* matters in this case.

**5.     In accordance with Fed. R. Civ. P. 41(b), the Court should dismiss plaintiffs' complaint for their failure to prosecute this case.** CitiMortgage's December 3, 2013 motion is based, in part, upon Fed. R. Civ. P. 41(b). Doc. Ent. 37 at 5 ¶ 14.

> Fed. R. Civ. P. 41 governs the dismissal of actions. In pertinent part, it provides:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."). As the Sixth Circuit has noted:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980).

*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

>According to CitiMortgage:
>
>Plaintiffs' failures to respond to discovery requests, to appear for depositions, to obey this Court's discovery order, and to respond to the Counter-Complaint have prejudiced CitiMortgage's ability to defend this matter adequately, including its ability to file a dispositive motion. Plaintiffs' Complaint should be dismissed based on Plaintiffs' failure to prosecute this matter.

Doc. Ent. 37 at 6 ¶ 20. CitiMortgage also contends that plaintiffs "failed to propound any discovery of their own[.]" Doc. Ent. 37 at 16.

In the absence of a response from plaintiffs, the Court should assume, as noted above, that (a) CitiMortgage's and Orlans's December 3, 2013 dispositive motions are unopposed; (b) CitiMortgage's requests for admission to plaintiffs are deemed admitted; (c) plaintiffs have not complied with this Court's September 4, 2013 order (Doc. Ent. 31); and (d) plaintiffs are not prosecuting this case. These assumptions are consistent with the conclusions that plaintiffs' failures are due to willfulness, bad faith or fault; plaintiffs' failures prejudice CitiMortgage and Orlans's ability to defend this case; and "there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Thus, as requested by CitiMortgage, the Court should dismiss plaintiffs' complaint with prejudice. *See* Doc. Ent. 37 at 7 ¶ 27, Doc. Ent. 37 at 8.[4]

**6.    In accordance with Fed. R. Civ. P. 55(b) ("Entering a Default Judgment."), the Court should enter default judgment against plaintiffs for their failure to respond to**

---

[4]Although Orlans's December 3, 2013 dispositive motion seeks dismissal of plaintiffs' complaint, *see* Doc. Ent. 38 at 1-2, 17, it is not based upon an alleged failure by plaintiffs to prosecute this case. However, if the Court agrees with my foregoing conclusion that plaintiffs' complaint should be dismissed with prejudice for plaintiffs' failure to prosecute this case, then the Court need not address Orlans's arguments that "Count I for injunctive relief is not a separate cause of action and should be dismissed[,]" Doc. Ent. 38 at 14, and "Plaintiffs have failed to state a plausible claim for relief against the foreclosing party's law firm[,]" Doc. Ent. 38 at 14-17.

**CitiMortgage's counter-complaint for quiet title.**  Defendant CitiMortgage filed its counter-complaint for quiet title on September 17, 2013.  Doc. Ent. 33.  Thus, any answer by plaintiffs to the counterclaim was due on or about October 8, 2013.  Fed. R. Civ. P. 12(a)(1)(B).

As noted above, with the exception of their August 2011 state court filing(s) (Doc. Ent. 1-2), plaintiffs have not filed *any* matters in this case.  On the same day that CitiMortgage filed its November 15, 2013 requests for clerk's entry of default in accordance with Fed. R. Civ. P. 55(a) (Doc. Entries 34 and 35), the Clerk of the Court entered default as to both plaintiffs for their "failure to plead or otherwise defend[.]"  Doc. Ent. 36.

In its December 3, 2013 motion, CitiMortgage seeks entry of default judgment against plaintiffs for their failure to respond to CitiMortgage's counter-complaint for quiet title (Doc. Ent. 33).  Doc. Ent. 37 at 7 ¶¶ 26, 29.  Fed. R. Civ. P. 55(b) governs entry of a default judgment.  In part, the rule provides, "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Fed. R. Civ. P. 55(b)(2).

As noted above, plaintiffs filed this case via counsel (Robert A. Kuhr) in state court.  Doc. Ent. 1-2.  It appears that plaintiffs' counsel began to receive electronic notification of filings in this case on September 19, 2011 (*see* Doc. Ent. 3), and attorney Kuhr is currently listed as plaintiffs' counsel of record in this case.  As a result, the Court should conclude that plaintiffs' counsel was notified of CitiMortgage's motion for entry of default judgment (Doc. Ent. 37) by way of its December 3, 2013 filing.

Plaintiffs having failed to respond to CitiMortgage's counter-complaint for quiet title (Doc. Ent. 33), the Court should enter default judgment against plaintiffs in accordance with Fed.

R. Civ. P. 55(b). *See, i.e.*, *Orbital Pub. Group, Inc. v. Bank of America, N.A.*, No. 11 Civ. 3065(PAC), 2012 WL 1309187, 3 (S.D.N.Y. Apr. 16, 2012) (granting defendant's Fed. R. Civ. P. 41(b) motion to dismiss for failure to prosecute and Fed. R. Civ. P. 55(b)(2) motion for a default judgment on defendant's counterclaim), *Hutchins v. Cardiac Science, Inc.*, 456 F.Supp.2d 173, 190 (D. Mass. 2006) ("Complient's [defendant's] motion for a default judgment [against plaintiff on its two-count counterclaim] will be denied for the following reasons. First, the amount of money at stake is significant: $252,542. Second, Plaintiff appears to have made a good faith mistake in thinking he did not have to respond to these allegations since they had already been asserted by Complient in another judicial proceeding. Finally, this ruling will cause Complient no prejudice as it has already been awarded damages and attorneys' fees in excess of $370,000 on identical claims in the *Complient II* action.").

However, before entering default judgment against plaintiffs as to CitiMortgage's counter-complaint for quiet title (Doc. Ent. 33), the Court may wish to conduct an inquest as to the amount of damages. *See* Fed. R. Civ. P. 55(b)(2)(B), *Orbital Pub. Group, Inc. v. Bank of America, N.A.*, No. 11 Civ. 3065(PAC), 2012 WL 1309187, 3 (S.D.N.Y. Apr. 16, 2012) ("Further, in light of Plaintiff s default, an inquest as to the amount of damages on Defendant's counterclaims will be held on Thursday, May 24, 2012 at 11:00 AM in Courtroom 20–C.").

**7.     The Court should enter a modified version of CitiMortgage's proposed order conforming title (Doc. Ent. 37-3).** In its September 17, 2013 counter-complaint for quiet title, CitiMortgage takes the position that "[t]he true and correct mortgagee is US bank National Association as Trustee for CMLT 2007-AMC2, as nominee for lender and lender's successors and/or assigns[,]" Doc. Ent. 33 at 5 ¶ A; the aforementioned five (5) highlighted documents are

"void and of no force and effect[,]" Doc. Ent. 33 at 5 ¶¶ B-F;[5] and "none of the Assignments or Deeds have resulted in damages of any kind to Counter-Defendants[,]" Doc. Ent. 33 at 6 ¶ H. In other words, it is CitiMortgage's position that "[t]he only true and correct chain of title is traced to the original Mortgage granted by the O'Connells to Argent Mortgage Company dated October 4, 2006 and the February 2008 Assignment from Argent Mortgage Company, LLC to US Bank National Association as Trustee for CMLT 2007-AMC2, as nominee for lender and lender's successors and/or assigns[,]" Doc. Ent. 33 at 5 ¶ 21.

Likewise, CitiMortgage's December 3, 2013 dispositive motion requests entry of its order determining that "[t]he true and correct Mortgagee is US Bank National Association as Trustee for CMLT 2007-AMC 2, as nominee for lender and lenders' successors and assigns[,]" Doc. Ent. 37 at 7 ¶ 28(a); the same five (5) five documents be determined "void and of no force and effect[,]" Doc. Ent. 37 at 7 ¶¶ 28(b)-(f); and "none of the assignments or deeds have resulted in any damages of any kind to Counter-Defendants[,]" Doc. Ent. 37 at 8 ¶ 28(h).

When entering default judgment against plaintiffs, the Court should bear in mind that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c) ("Demand for Judgment; Relief to Be Granted.").

Entry of CitiMortgage's proposed order conforming title (Doc. Ent. 37-3) would confirm

---

[5] The assignment of mortgage dated January 13, 2009 (*see* Doc. Ent. 33-5), the assignment of mortgage dated July 8, 2009 (*see* Doc. Ent. 33-6), the assignment of mortgage dated July 29, 2009 (*see* Doc. Ent. 33-4), the sheriff's deed on mortgage foreclosure dated February 23, 2011 (*see* Doc. Ent. 33-8) and the quit claim deed dated April 5, 2011 (*see* Doc. Ent. 33-9).

as null and void and of no force and effect these same five (5) documents. *Compare* Doc. Ent. 33 at 5 ¶¶ (B)-(F), Doc. Ent. 37-3 ¶¶ 1-3, 5-6. Also, entry of CitiMortgage's proposed order conforming title would deem US Bank National Association, as Trustee for CMLT 2007-AMC2, as nominee for lender and lender's successors and assigns, as the true and current mortgagee. *Compare* Doc. Ent. 33 at 5-6 ¶ (A), Doc. Ent. 37-3 ¶ 9. Furthermore, entry of CitiMortgage's proposed order conforming title would maintain the validity of the mortgage dated October 4, 2006 (Doc. Ent. 25-3, Doc. Ent. 33-2) and the assignment of mortgage dated February 11, 2008 (Doc. Ent. 25-4, Doc. Ent. 33-3). *Compare* Doc. Ent. 33 at 5 ¶ 21, Doc. Ent. 37-3 ¶¶ 7-8. Finally, CitiMortgage's proposed order conforming title allows the order to be recorded with the Wayne County Register of Deeds. *Compare* Doc. Ent. 33 at 5-6 ¶ (G), Doc. Ent. 37-3 ¶ 10.

Thus, nine (9) of the ten (10) provisions of CitiMortgage's proposed order conforming title (Doc. Ent. 37-3 ¶¶ 1-3, 5-10) are consistent with CitiMortgage's counter-complaint for quiet title (Doc. Ent. 33 at 5 ¶ 21, ¶¶ (A)-(G)).[6] In other words, in large part, CitiMortgage's proposed order conforming title (Doc. Ent. 37-3) is consistent with the relief sought by CitiMortgage's September 17, 2013 counter-complaint for quiet title (Doc. Ent. 33 at 5-6).

As such, the Court should enter a modified version of CitiMortgage's proposed order conforming title (Doc. Ent. 37-3). Specifically, the Court should enter most of CitiMortgage's proposed order conforming title (Doc. Ent. 37-3 ¶¶ 1-3, 5-10) but should eliminate the paragraph confirming as null and void the modification agreement dated December 18, 2009 (Doc. Ent. 37-3 ¶ 4). Finally, the Court may wish to add a paragraph stating that "none of the Assignments or

---

[6]The proposed order also seeks to confirm as null and void the modification agreement dated December 18, 2009 (*see* Doc. Ent. 37-3 ¶ 4); however, this request does not appear in the relief requested by CitiMortgage's counter-complaint for quiet title (Doc. Ent. 33 at 5 ¶¶ (B)-(F)) or CitiMortgage's dispositive motion (Doc. Ent. 37 at 7 ¶¶ 28(b)-(f)).

Deeds have resulted in damages of any kind to Counter-Defendants[.]" *Compare* Doc. Ent. 33 at 6 ¶ (H); Doc. Ent. 37 at 8 ¶ (h).

**8.  If the Court accepts these recommendations, then it should decline to consider whether CitiMortgage is entitled to reasonable expenses under Fed. R. Civ. P. 37(b)(2)(C); instead, the Court should entertain a Fed. R. Civ. P. 54(d) application for costs and attorney fees.** By its December 3, 2013 motion, CitiMortgage seeks an award of its costs and fees in accordance with Fed. R. Civ. P. 37(b)(2)(C). Doc. Ent. 37 at 8.

Fed. R. Civ. P. 37(b)(2) concerns sanctions for failure to comply with a court order. In pertinent part, this rule provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the ***reasonable expenses***, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) ("Payment of Expenses.") (emphasis added).

Having recommended that the Court involuntarily dismiss plaintiffs' complaint with prejudice for their failure to prosecute (Fed. R. Civ. P. 41(b)) and enter default judgment against plaintiffs as to CitiMortgage's counter-complaint for quiet title (Fed. R. Civ. P. 55(b)(2)), this report does not consider CitiMortgage's request for an award of reasonable expenses (Fed. R. Civ. P. 37(b)(2)(C)) as a discovery sanction for plaintiffs' failure to comply with the Court's September 4, 2013 order (Fed. R. Civ. P. 37(b)(2)(A)). In other words, while this report considers plaintiffs' failure to comply with the Court's September 4, 2013 order as an example of plaintiffs's failure to prosecute, I am not recommending dismissal of this case solely for plaintiffs' failure to comply with the Court's September 4, 2013 order; thus, this report does not address whether plaintiffs' failure to comply with the Court's September 4, 2013 order entitles

CitiMortgage to payment for its reasonable expenses associated with such failure.

Nonetheless, if the Court enters default judgment (Fed. R. Civ. P. 55(b)(2)) for defendant CitiMortgage and against plaintiffs with respect to the counter-complaint for quiet title, then CitiMortgage may pursue a Fed. R. Civ. P. 54(d) application for costs and attorneys fees. In other words, should the Court enter judgment in favor of defendants on the counterclaim, CitiMortgage may present a bill of costs to the clerk of this Court pursuant to 28 U.S.C. § 1920 ("Taxation of costs") and Fed. R. Civ. P. 54(d)(1). If CitiMortgage seeks attorneys fees, it should follow the procedure set forth in Fed. R. Civ. P. 54(d)(2).[7]

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

---

[7]*Pennsylvania Higher Educ. Assistance Agency v. Coffey*, No. 1:12–cv–271, 2013 WL 1342805, 2 (E.D. Tenn. Mar. 7, 2013) (report and recommendation of Lee, M.J.) (where "referred for a hearing and determination of damages pursuant to Fed.R.Civ.P. 55(b)(2)[,]" recommending that "[p]laintiff be awarded judgment against [d]efendant for damages" in amount to include an award of "[a]ttorneys' fees in the amount of $5,325.00 and costs in the amount of $350.00[.]"); *Goodman Properties, Inc. v. Blosser*, No. 1:11–cv–334, 2012 WL 6765626, 2 (E.D. Tenn. Nov. 13, 2012) (report and recommendation of Lee, M.J.) (where "referred for a hearing and determination of damages pursuant to Fed.R.Civ.P. 55(b)(2)[,]" recommending that plaintiff be awarded judgment against defendants for a total including an award of "[a]ttorneys' fees and expenses in the amount of $8,957.98[.]"); *United States v. Fasttrack Builders, Inc.*, No. 3:11–cv–1056–J–32MCR, 2012 WL 2793013, 1 (M.D. Fla. Mar. 6, 2012) (report and recommendation of Richardson, M.J.) (recommending that the Court grant plaintiff's Fed. R. Civ. P. 55(b) motions for default judgment and Fed. R. Civ. P. 54(d) motions for attorney fees and costs); *Volvo Financial Services v. Siftrans, Inc.*, No. 08–3547 (MLC), 2009 WL 1956340 (D.N.J. July 2, 2009) (memorandum opinion of Cooper, J.) (following entry of default and judgment by default, the court granted motion for attorneys fees and costs and awarded attorneys fees and costs); *but see Sheehy v. Wehlage*, No. 02CV592A, 2007 WL 607093, 8 (W.D.N.Y. Feb. 20, 2007) (order of Scott, M.J.) (having recommended that motions to dismiss for failure to comply with prior discovery orders and a motion to dismiss for failure to prosecute be granted, the Court assessed discovery sanctions against plaintiffs where movants had filed fee applications for Fed. R. Civ. P. 37 and Fed. R. Civ. P. 16(f) sanctions).

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: April 3, 2014                             s/Paul J. Komives
                                                PAUL J. KOMIVES
                                                UNITED STATES MAGISTRATE JUDGE


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 3, 2014.

                                                s/ Kay Doaks
                                                Case Manager